IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ANTONIO FRANCISCO BETANCURT, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Civil Case 2:25-CV-106-Z <br> (Criminal Case 2:23-CR-59-Z-BR-1) |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Petitioner Antonio Francisco Betancurt ("Betancurt") filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. Section 2255 by a person in federal custody. ECF Nos. 2, 4. Having considered Betancurt's amended motion and the response thereto, the record, and applicable authorities, the Court hereby **DENIES** the amended motion for the reasons stated below.

**BACKGROUND**

The record in Betancurt's underlying criminal case, No. 2:23-CR-59-Z-BR-1 (the "CR"), shows the following:

On December 4, 2023, Betancurt pleaded guilty to one count of Possession With Intent to Distribute Methamphetamine and Aiding and Abetting, in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. Section 2. CR ECF No. 34. After Betancurt's guilty plea, the probation officer prepared a presentence report ("PSR"), showing that Betancurt's criminal history was Category I and his total offense level was 38. CR ECF No. 39-1 ¶¶ 30, 35. Betancurt's sentencing guideline range was 235 to 240 months. *Id.* ¶¶ 69. On April 18, 2024, the Court sentenced Betancurt to a term of imprisonment of 240 months, followed by

three years of supervised release. CR ECF No. 42. Betancurt filed a direct appeal, which was dismissed by the Fifth Circuit Court of Appeals as frivolous on November 8, 2024. CR ECF No. 56.

On May 13, 2024, Betancurt timely filed his motion to vacate. CR ECF No. 63; ECF No. 2. Because the motion was not on the proper form, the Court ordered Betancurt to amend his motion, which he did on June 9, 2025. ECF No. 4. The government responded, alleging that Betancurt's request for relief is meritless and should be denied. ECF No. 7. Betancurt did not file a reply.

**STANDARD OF REVIEW**

After conviction and exhaustion or waiver of a defendant's right to appeal, courts are entitled to presume that the defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (same). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the errors. *Id.* at 232.

Section 2255 does not offer recourse to all who suffer trial errors. "[A]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184 (1979). Section 2255 is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further,

if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

Section 2255 motions do not automatically require a hearing. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B Jan. 1981); *see also* Rule 8 of the Rules Governing Section 2255 Proceedings. "When the files and records of a case make manifest the lack of merit of a Section 2255 claim, the trial court is not required to hold an evidentiary hearing." *Hughes*, 635 F.2d at 451. A prisoner is not entitled to an evidentiary hearing unless he or she "presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). The Court has reviewed the record and concluded that an evidentiary hearing is not necessary because the record categorically refutes Betancurt's claims, as set forth below.

**ANALYSIS**

**A. Complaint About Drug Amount.**

Betancurt's sole complaint in his amended motion is "[t]he amount of drugs they said [he] had." ECF No. 4 at 4. He provides no further explanation. As a result, Betancurt's motion is fatally conclusory. *Murray v. United States*, No. 3:17-CV-1830-B-BH, 2020 WL 2145378, *6 (N.D. Tex. Apr. 15, 2020) ("Movant's 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'"), *R. & R. adopted*, 2020 WL 2132943 (N.D. Tex. May 5, 2020). Thus, to the extent Betancurt is attempting to raise a substantive claim, he fails.

In addition, even assuming Betancurt stated a viable claim based on the amount of drugs for which he was found to be responsible, Betancurt procedurally defaulted such claim by not raising it on appeal. He also has not shown cause and actual prejudice, or actual

3

innocence to excuse his default. *See Anderson v. United States*, No. 3:17-CR-00222-M-1, 2024 WL 1776378, at *3 (N.D. Tex. Apr. 23, 2024) ("When a movant fails to raise a claim on direct appeal, the claim is procedurally defaulted and can only be considered under § 2255 if the movant can show cause for his failure to raise the claim on direct appeal and actual prejudice, or that he is actually innocent") (citing *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996)). Betancurt's claim is procedurally defaulted.

**B. Ineffective Assistance of Counsel.**

Even construing the motion as a complaint about the effectiveness of his counsel, such claim is fatally conclusory. To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) ("Failure to meet either the deficient performance prong or the prejudice prong will defeat a claim for ineffective assistance of counsel."). Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The likelihood of a different result "must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170,

4

189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the movant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Betancurt's one-sentence allegation in his amended motion is insufficient to support a claim of ineffective assistance of counsel. *United States v. Whitehead*, 393 F. App'x 226, 227 (5th Cir. 2010) ("A movant's claim of ineffective assistance of counsel must be stated with specificity; conclusory allegations are insufficient to raise a constitutional issue") (citing *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990)). In addition, although *pro se* filings are liberally construed, this deferential standard does not require the Court to guess or to develop arguments on the movant's behalf. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (ruling that *pro se* litigants are still required to provide sufficient facts in support of their claims, and "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue").

In deference to Betancurt's *pro se* status, the Court reviewed his original motion in an effort to determine a basis for his claim. In the original filing, Betancurt claimed that, despite multiple requests, his attorney never obtained photographic evidence purportedly in the government's possession that showed 183 grams of drugs found in Betancourt's vehicle during a traffic stop. ECF No. 2. Betancurt stated that "[t]he only reason [he] got 20 years . . . . was because of the 183 grams that the government lied about and [his] attorney never helped [him] or showed [him] pictures of the drugs." *Id*. However, even if counsel was deficient in failing to obtain the photographs, Betancurt fails to show how he was prejudiced by such failure. Assuming that obtaining the photographs somehow would have led to the drugs from the traffic stop being excluded, the drugs accounted for a mere fraction of the

5

95,226.9 kilograms of converted drug weight attributed to Betancurt and would not have changed his sentencing guideline calculations. See USSG Section 2D1.1(c)(1); CR ECF No. 39-1 at ¶¶ 13, 22.

Lastly, Betancurt was not prejudiced because the Court at sentencing made it clear that even if the guidelines were incorrect, it would have still imposed the same sentence under the Section 3553(a) factors. CR ECF No. 54 at 17. Betancurt's ineffective assistance of counsel claim is meritless. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

For the reasons stated above, Betancurt's motion to vacate is **DENIED** with prejudice.

**SO ORDERED.**

February 4, 2026.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE